**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

SANDRA ELIAS BORNHAUSER,

        Plaintiff,

v.                                        No. 16cv302 WJ/GBW

CIBOLA GENERAL HOSPITAL,
SHEILA COX, and
ANNETTE SATTERLEY

        Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS* AND
DISMISSING COMPLAINT**

       **THIS MATTER** comes before the Court on *pro se* Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form), Doc. 3, filed April 14, 2016 ("Short Form Application"), on her Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form), Doc. 5, filed April 26, 2016 ("Long Form Application"), and on her Complaint for a Civil Case, Doc. 1, filed April 14, 2016 ("Complaint").  For the reasons stated below, the Court will **GRANT** Plaintiff's Long Form Application, **DENY** Plaintiff's Short Form Application as moot, and **DISMISS** Plaintiff's Complaint **without prejudice**.  Plaintiff shall have 21 days from entry of this Order to file an amended complaint.  Failure to timely file an amended complaint may result in dismissal of this case without prejudice.

**Application to Proceed *in forma pauperis***

       The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "[A]n application to proceed *in forma pauperis* should be evaluated in light of the applicant's present financial status." *Scherer v. Kansas*, 263 Fed.Appx. 667, 669 (10th Cir. 2008) (citing *Holmes v. Hardy,* 852 F.2d 151, 153 (5th Cir.1988)). "The statute [allowing a litigant to proceed *in forma pauperis* ] was intended for the benefit of those too poor to pay or give security for costs...." *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

Plaintiff filed her first application to proceed *in forma pauperis* using the Short Form Application.   After the Court notified Plaintiff that it requires parties wishing to proceed *in forma pauperis* to use the Long Form Application, Plaintiff filed her second application using the Long Form Application.

The Court will grant Plaintiff's Long Form Application to Proceed in District Court Without Prepaying Fees or Costs.   Plaintiff signed an affidavit declaring that she is unable to pay the costs of these proceedings and that the following information is true: (i) her monthly income is $192.00 in food stamps; and (ii) she is unemployed.   The total amount of her monthly expenses is not clear because she includes amounts owed for various expenses.   However, it is clear that her monthly expenses exceed her reported monthly income, because she indicates her rent is $675.00

per month.  The Court finds that Plaintiff is unable to pay the filing fee because of her low monthly income and because she is unemployed.  Because it is granting Plaintiff's Long Form Application, the Court will deny Plaintiff's Short Form Application as moot.

**Dismissal of Proceedings *In Forma Pauperis***

The statute governing proceedings *in forma pauperis* requires federal courts to dismiss an *in forma pauperis* proceeding that "is frivolous or malicious; ... fails to state a claim on which relief may be granted; ... or seeks monetary relief against a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2).  "Dismissal of a *pro se* complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."  *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).  "In determining whether a dismissal is proper, we must accept the allegations of the complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff."  *Kay v. Bemis*, 500 F.3d at 1217. The Court looks to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief, i.e. the factual allegations must be enough to raise a right to relief above the speculative level.  *See id.* at 1218 (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).  Dismissal of an *in forma pauperis* complaint as frivolous is not an abuse of discretion based on a determination that the *pro se* litigant did not state a viable legal claim and that the complaint consisted of little more than unintelligible ramblings.  *Triplett v. Triplett*, 166 Fed.Appx. 338, 339-340 (10th Cir. 2006).  However, "pro se litigants are to be given reasonable opportunity to remedy the defects in their pleadings."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 n.3 (10th Cir. 1991).

3

Plaintiff brings this action "for discrimination in employment pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. § 2000e to 2000e-17 (race, color, gender, religion, national origin)," "the Americans with Disabilities Act of 1990, as codified, 29 U.S.C. §§ 12112 to 12117," and other unspecified federal law.  Complaint at 6-7.  Plaintiff alleges that she was verbally terminated from her employment at Defendant Cibola General Hospital, and that Defendant retracted the termination in its response to EEOC/HRB but did not notify Plaintiff of the retraction.  Complaint at 8.  Plaintiff alleges that she was "denied human rights," "employee rights," "termination benefits," "unemployment benefits," "disability benefits," "workers comp benefits" and was subject to "unfair FMLA treatment."   Complaint at 6.

Plaintiff's Complaint fails to state a claim.   Title VII makes it unlawful "to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.  42 U.S.C. § 2000e–2(a)(1)."  *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012).   "Generally stated, a prima facie case of discriminatory discharge under Title VII requires plaintiff to demonstrate that she (1) belongs to a protected class; (2) was qualified for her position; (3) was discharged; and (4) her position was not eliminated after her discharge."  *Adamson v. Multi Community Diversified Services, Inc.*, 514 F.3d 1136, 1150 (10th Cir. 2008) ("The critical prima facie inquiry in all cases is whether the plaintiff has demonstrated that the adverse employment action occurred under circumstances which give rise to an inference of unlawful discrimination.").   "To establish a prima facie case of discrimination under the ADA, an employee must show: (1) she is disabled within the meaning of the ADA; (2) she is qualified, with or without reasonable accommodation, to perform the essential functions of the job held or

desired; and (3) she was discriminated against because of her disability." *Osborne v. Baxter Healthcare Corp.*, 798 F.3d 1260, 1266 (10th Cir. 2015).   Plaintiff does not allege any specific facts showing that any adverse employment actions occurred under circumstance which give rise to an inference of unlawful discrimination because of race, color, gender, religion, or national origin, or that she was discriminated against because of her disability.   *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based . . . [and] in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations").

The Court will dismiss the Complaint for failure to state a claim.   Plaintiff shall have 21 days from entry of this Order to file an amended complaint.   Failure to timely file an amended complaint may result in dismissal of this case without prejudice.

**Service on Defendants**

Section 1915 provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]").   28 U.S.C. § 1915(d).   Rule 4 provides that:

> At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 or as a seaman under 28 U.S.C. § 1916.

Fed. R. Civ. P. 4(c)(3).

The Court will not order service of Summons and Complaint on Defendants at this time. The Court will order service if Plaintiff timely files an amended complaint which states a claim, and which includes the addresses of every defendant named in the amended complaint.

**IT IS ORDERED THAT** Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 5, filed April 26, 2016, is **GRANTED.**

**IT IS ALSO ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form), Doc. 3, filed April 14, 2016, is **DENIED as moot.**

**IT IS FURTHER ORDERED** that Plaintiff's Complaint for a Civil Case, Doc. 1, filed April 14, 2016, is **DISMISSED without prejudice.**   Plaintiff may file an amended complaint within 21 days of entry of this Order.

_____

**UNITED STATES DISTRICT JUDGE**